Ed H. Pavey, Director Kansas Law Enforcement Training Center P.O. Box 647 Hutchinson, Kansas 67504
Dear Director Pavey:
You request our opinion regarding eligibility of tribal law enforcement officers to be certified pursuant to the Kansas law enforcement training act. You specifically recognize that tribal law enforcement officers are police or law enforcement officers in the normal sense of the term, but question whether the statutory provisions authorize the training center to certify these officers in light of the statutory definitions involved. You ask the following questions:
 "1. Considering the 1996 amendments to K.S.A. 74-5606, may the statutory definition of police or law enforcement officer set forth at K.S.A. 74-5602 be interpreted to include tribal police or law enforcement officers?
 "2. Are tribal police or law enforcement officers eligible for certification as police or law enforcement officers pursuant to the Kansas Law Enforcement Training Act?"
Last year the state of Kansas entered into gaming compacts with four Indian nations, thereby allowing those four tribes to establish and operate class III gaming facilities on their respective tribal lands pursuant to the federal Indian gaming regulatory act. 25 U.S.C.A. §§ 2701et seq. (1988). All four compacts contain the following provisions:
 "`Tribal Law Enforcement Agency' means the police force of the Tribe established and maintained by the Tribe pursuant to the Tribe's powers of self-government to carry out law enforcement. Members of the Tribal Law Enforcement Agency shall attend the Kansas Law Enforcement Training Center, the Highway Patrol Training Center or receive comparable training approved by the State Gaming Agency or the federal government." E.g., Tribal State Compact Among the Iowa Tribe of Kansas and Nebraska and the State of Kansas, at § 5(AG) (emphasis added).
 "The State shall annually make an assessment sufficient to compensate the State for the reasonable and necessary costs of regulating Class III gaming pursuant to this Compact. Reimbursable regulatory expenses under this Section shall include . . . the cost of tuition, room, board and all necessary instructional supplies and material for any tribal member attending the Law Enforcement Training Center, and the Highway Patrol Training Center as provided by statutes of the State." Id., at § 25(A) (emphasis added).
Clearly the compacting parties intended for employees of the tribal law enforcement agencies to be eligible for training at the Kansas law enforcement training center.
In an attempt to align statutory provisions with those of the compacts, the 1996 legislature passed senate bill no. 410. Section 16 of the enactment amends K.S.A. 1995 Supp. 74-5605 to provide in part as follows:
 "Every applicant for admission to a course for police officers or law enforcement officers conducted by the [Kansas law enforcement] training center shall be an employee of a state, county or city law enforcement agency, a municipal university police officer, a railroad policeman appointed pursuant to K.S.A. 66-524, and amendments thereto; an employee of the tribal law enforcement agency of an Indian nation that has entered into a tribal-state gaming compact with this state; or a school security officer designated as a school law enforcement officer pursuant to K.S.A. 72-8222. . . ." L. 1996, ch. 256, § 16 (emphasis denotes new language).
Further, K.S.A. 74-5609a was amended to allow the training center to charge tuition for each employee of a tribal law enforcement agency. L. 1996, ch. 256, § 17.
With this background in mind, we turn now to your specific questions. K.S.A. 1995 Supp. 74-5602 and 74-5602a define the term "police officer or law enforcement officer" for purposes of the law enforcement training act. The definition includes any "full-time or part-time salariedofficer or employee of the state, a county or a city, whose dutiesinclude the prevention or detection of crime and the enforcement of thecriminal or traffic laws of this state or of any municipality thereof." The statute then proceeds to list examples of the types of officers covered by the definition. Tribal law enforcement officers are not state, county or city officers or employees (unless hired and retained as such in addition to their employment with the tribe) and do not have the authority to enforce the criminal or traffic laws of this state or any municipality thereof. See Attorney General Opinion No. 94-152. Thus, tribal law enforcement officers do not meet the definition of police officer or law enforcement officer for purposes of the law enforcement training act.
Tribal law enforcement officers are, however, expressly authorized to apply for admission and be admitted to a course for police officers or law enforcement officers conducted by the Kansas law enforcement training center regardless of their status as a police officer or law enforcement officer under the act. K.S.A. 1995 Supp. 74-5605, as amended by L. 1996, ch. 256, § 16.
While it is clear from the compacts and the statutory amendments that tribal law enforcement officers may receive law enforcement training at the Kansas law enforcement training center, the issue of certification was not dealt with directly. However, K.S.A. 1995 Supp. 74-5616 requires the commission to certify persons who:
 "(1) Are at least 21 years of age, have successfully completed or satisfied the training requirements specified by subsection (a) of K.S.A. 74-5607a and amendments thereto and meet the requirements of K.S.A. 74-5605 and amendments thereto. . . ."
Any tribal law enforcement officer meeting these criteria appears eligible for certification.
This does not mean, however, that tribal law enforcement officers, once certified, are authorized to enforce state law. Rather, that authority derives from employment, deputization or appointment as a reserve officer by a state or municipal law enforcement agency. Attorney General Opinion No. 94-152. The compacts continue the state, federal and tribal criminal law enforcement jurisdiction and authorities that pre-existed their enactment. Compact, § 13. Tribal law enforcement officers were not intended to enforce state or municipal law absent a cross-deputization agreement with an appropriate law enforcement agency for that purpose, but rather are to enforce tribal law and the pertinent provisions of the compacts.
In conclusion, otherwise qualified employees of a tribal law enforcement agency of an Indian nation that has entered into a tribal-state gaming compact with the state of Kansas are eligible for admission to a course for police or law enforcement officers conducted by the Kansas law enforcement training center, and may be certified by the Kansas law enforcement training commission upon successful completion of the basic training program. However, because tribal law enforcement officers do not meet the definition of law enforcement officer in K.S.A. 1995 Supp. 74-5602, they are not subject to the continuing education requirements.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm